for appellant Board of Liquidation of State Debt. Browne, Williamson & Browne, of Shreveport, Thomas M. Burns, of Covington, Chas. A. Holcombe and Taylor & Porter, all of Baton Rouge, and Merrick, Gensler & Schwarz, of New Orleans, for appellee.

SOMMERVILLE, J. For the reasons given in the case entitled State of Louisiana ex rel. Louisiana Trust & Savings Bank v. Board of Liquidation of the State Debt et al., 67 South. 370, ante, p. 571, No. 20854 on the docket of this court, this day decided—

It is ordered, adjudged, and decreed that the judgment appealed from be reversed; that the alternative writ of mandamus issued herein be recalled; and that the injunction be dissolved— all at the cost of relator in both courts.

---

(67 South. 375)

No. 20926.

STATE ex rel. COMMERCIAL–GERMANIA TRUST & SAVINGS BANK v. BOARD OF LIQUIDATION OF STATE DEBT et al.

(Jan. 11, 1915.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; C. K. Schwing, Judge ad hoc.

Action by the State, on the relation of the Commercial-Germania Trust & Savings Bank, against the Board of Liquidation of the State Debt and others. From judgment for relator, defendants appeal. Reversed, alternative writ of mandamus recalled, and injunction dissolved.

Harry P. Gamble, Asst. Atty. Gen. (Gustave Lemle, McCloskey & Benedict, and Howe, Fenner, Spencer & Cocke, all of New Orleans, A. Provosty, of New Roads, Laycock & Beale, of Baton Rouge, Ott, Johnson & Ott, of Bogalusa, Bird & Bird, of Baton Rouge, and Hall, Monroe & Lemann, of New Orleans, of counsel), for appellant Board of Liquidation of State Debt. Browne, Williamson & Browne, of Shreveport, Thomas M. Burns, of Covington, Chas. A. Holcombe, and Taylor & Porter, all of Baton Rouge, and Merrick, Gensler & Schwarz, of New Orleans, for appellee.

SOMMERVILLE, J. For the reasons given in the case entitled State of Louisiana ex rel. Louisiana Trust & Savings Bank v. Board of Liquidation of the State Debt et al., 67 South. 370, ante, p. 571, No. 20854 on the docket of this court, this day decided—

It is ordered, adjudged, and decreed that the judgment appealed from be reversed; that the alternative writ of mandamus issued herein be recalled; and that the injunction be dissolved—all at the cost of relator in both courts.

(67 South. 376)

No. 21008.

STATE v. RENFRO.

(Jan. 25, 1915.)

(Syllabus by the Court.)

BAIL ☞94—FORFEITURE—APPEAL.

Appeals in criminal cases must be taken, by motion, verbally or in writing, in open court, within three days after sentence shall have been pronounced; otherwise, they will be dismissed. The rule applies to appeals from judgments forfeiting appearance bonds, which are criminal proceedings.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 418–423; Dec. Dig. ☞94.]

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

E. A. Renfro, being charged with selling intoxicating liquors without a license, gave an appearance bond, and from a judgment thereon he appeals. Appeal dismissed.

Lewell C. Butler, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen. (W. A. Mabry, Dist. Atty., of Shreveport, and G. A. Gondran, of New Orleans, of counsel), for the State.

On Motion to Dismiss Appeal.

MONROE, C. J. This purports to be an appeal from a judgment condemning defendant and his surety for the amount of an appearance bond, given in a prosecution for selling intoxicating liquor without previously obtaining a license. The state moves to dismiss the appeal, on the ground that it was not applied for within three days from the date of the judgment. The judgment was rendered on October 10, and signed on October 12, and the motion for appeal was filed October 30, 1914.

The proceeding to forfeit an appearance bond is criminal in character. State v. Sam Burns, 38 La. Ann. 363; State v. Toups, 44 La. Ann. 896, 11 South. 524; State v. Alexander, 46 La. Ann. 550, 15 South. 361.[1] Ap-

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 46 La. Ann. 550.